UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-61238-CIV-DIMITROULEAS/HUNT

VANESSA SMITH,

        Plaintiff,

vs.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

        Defendant.
_____/

## REPORT AND RECOMMENDATIONS

THIS CAUSE is before this Court on the Parties' Cross Motions for Summary Judgment. ECF Nos. 16, 18. The Honorable William P. Dimitrouleas, United States District Judge, referred this Matter to the undersigned United States Magistrate Judge for a Report and Recommendation. ECF No. 6; *see also* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motions and any Response thereto, the entire case file, the applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Defendant's Motion for Summary Judgment be granted, and that Plaintiff's Motion for Summary Judgment be denied.

## BACKGROUND

Vanessa Smith ("Plaintiff") filed a disability claim under Title II and Title XVI of the Social Security Act on March 2, 2020, alleging disability beginning on November 30, 2019. ECF No. 13 at 28. The Social Security Administration ("SSA") denied her claim at the initial and reconsideration levels. *Id.* A hearing on Plaintiff's disability claim took place on December 10, 2021. *Id.* An Administrative Law Judge ("ALJ") issued an unfavorable decision denying Plaintiff's claim on March 1, 2022. *Id.* at 25. The Appeals Council

denied Plaintiff's request for review of the ALJ's unfavorable decision. *Id.* at 11. Plaintiff now seeks judicial review of the ALJ's decision.

## **Social Security Framework**

To determine whether a claimant is disabled, the Social Security Regulations outline a five-step process:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functioning capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

Here, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 30, 2019. ECF No. 13 at 31. At step two, the ALJ found that Plaintiff had the following combination of severe impairments: congestive heart failure, defibrillator implant, cardiomyopathy, status post cardiac arrest, diabetes, obesity, and hypertension. *Id.* At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404. *Id.* After careful consideration of the entire record, at step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk 2 hours total in an 8-hour workday, sit 6 hours total in an 8-hour workday, frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, and occasionally climb ladders, ropes and scaffolds.

*Id.* at 32.

After consulting with a vocational expert ("VE"), the ALJ then found that Plaintiff could perform her past relevant work as an accounts payable clerk, a tax preparer, and a customer support technician. *Id.* at 35. As a result, the ALJ found that Plaintiff was not disabled. *Id.*

## STANDARD OF REVIEW

Judicial review of the ALJ's decision in a disability case is "limited to an inquiry into whether there is substantial evidence to support the findings of the [ALJ], and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d, 1219, 1221 (11th Cir. 2002) (citing 42 U.S.C. § 405(g)). Whether the ALJ applied the correct legal standards is a question of law, which this Court reviews *de novo*. *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). In determining whether substantial evidence exists, the court must scrutinize the record in its entirety, "taking into account evidence favorable as well as unfavorable to the decision." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). Even if the evidence preponderates against the ALJ's decision, the reviewing court must affirm if the

decision applies the correct legal standard and is supported by substantial evidence. *See Crawford*, 363 F.3d at 1158–59.

## ANALYSIS

Plaintiff argues that the ALJ erred by rejecting the medical opinion of Plaintiff's treating provider in violation of 20 C.F.R. § 404.1520c and case law. Because of this error, Plaintiff contends, the RFC failed to adequately account for Plaintiff's subjective symptoms of fatigue and shortness of breath caused by her severe congestive heart failure, and therefore was not based on substantial evidence.

Specifically, Plaintiff takes issue with the ALJ's assessment of Erin James, P.A., Plaintiff's treating medical provider since August 2020. Plaintiff notes that Ms. James in June 2021 opined that Plaintiff was diagnosed with cardiac arrest with defibrillator implant, cardiomyopathy, hypertension, and diabetes, with symptoms listed as fatigue, shortness of breath, and swelling. Plaintiff argues that the ALJ should have given credit to James' findings that Plaintiff would be able to walk only two hours of an eight-hour workday, would require unscheduled breaks throughout the day, would need to elevate her legs about four hours of the workday due to swelling, and would likely be off task approximately twenty (20) percent of the workday.

The ALJ found Ms. James' opinion inconsistent with the medical evidence of record, and therefore not persuasive. ECF No. 13 at 35. Plaintiff contends that, contrary to the ALJ's determination, Ms. James' medical opinion on the intensity, persistence, and limiting effects of Plaintiff's symptoms of fatigue and shortness of breath is consistent with the medical evidence. Further, according to Plaintiff, the ALJ erred by dismissing Ms.

4

James' opinion with a terse, conclusory statement that does not allow a court to perform a meaningful review of the ALJ's reasoning.

Defendant responds that the ALJ properly found Ms. James' opinion unpersuasive, particularly given the fact that Ms. James by her own admission was unable to objectively assess Plaintiff's limitations on the date she made the observations cited by Plaintiff. Defendant points to the relatively new regulations governing claims such as Plaintiff's that were filed after March 27, 2017.  These regulations alter the way ALJs are required to consider medical source statements.  In pertinent part, treating source statements are no longer entitled to any particular deference.  Instead, the ALJ evaluates the persuasiveness of such statements according to the following five factors:

(1) Supportability
(2) Consistency
(3) Relationship with the claimant (which includes)
    (i)   Length of the treatment relationship
    (ii)  Frequency of examinations
    (iii) Purpose of the treatment relationship
    (iv) Extent of the treatment relationship
    (v)  Examining relationship
(4) Specialization
(5) Other factors

20 C.F.R. § 404.1520c(c).

Of primary importance in this analysis are the supportability and consistency factors.  20 C.F.R. § 416.920c(b)(2).  As such, how the ALJ considers these factors must be explained, while explaining the remaining factors is optional.  *Id.*  Defendant contends the ALJ properly discussed both the supportability and consistency factors, partially incorporating Ms. James' assessments while ultimately finding her opinion unpersuasive.

Regarding the supportability factor, Defendant points out that the ALJ relied on Ms. James' statement regarding her inability to assess Plaintiff's limitations objectively, as

well as the lack of objective evidence cited by Ms. James to support her opinion. Defendant further contends that Ms. James' opinions were inconsistent with treatment records from Dr. Andres Palacio and Dr. Patricia Aurelien, which stated that Plaintiff's impairments were controlled with treatment. Although some limitations were warranted, the extreme limitations recommended by Ms. James were simply inconsistent with the evidence as a whole, according to Defendant.

Additionally, Defendant argues the prior administrative medical findings of Dr. P.S. Krishnamurthy and Dr. Roland Gutierrez further undermine Plaintiff's contentions, in that both consultants after independent review found Plaintiff had greater capacity than suggested by Ms. James. Indeed, Defendant notes, the consultants opined that Plaintiff could even perform greater work than the ALJ's RFC assessment. Defendant argues such findings provide further support for the ALJ's finding that Ms. James' opinion was inconsistent with the record.

Defendant ultimately contends that Plaintiff now asks this Court to reweigh the evidence, which is impermissible under the standard of review. Defendant argues the ALJ adequately and appropriately considered the entire record in dismissing Ms. James' findings, and the Court should therefore reject Plaintiff's request.

Turning to the ALJ's opinion regarding Ms. James, the ALJ accurately described James' June 16, 2021 assessed limitations, as outlined in Exhibit 14F, but acknowledged that Ms. James indicated at Exhibit 16F that she "was unable to assess objectively." The ALJ also noted "that the treating statements by Physician Assistant James at exhibits 14F and 16F are the same date yet answers differ on the two forms." ECF No. 13 at 35. The

ALJ found the opinions inconsistent with the medical evidence of record and therefore not persuasive.  *Id.*

Although Plaintiff claims the ALJ dismissed Ms. James' opinion with a conclusory statement which would not allow this court to perform a meaningful review of the ALJ's reasoning, a plain reading of the opinion demonstrates that the ALJ took issue with the apparent discrepancies between the two assessments completed by Ms. James on June 16, 2021.  ECF No. 13 at 706-709; 757-760.  There is good reason for the ALJ's confusion.  Both documents, which appear to have been filled out by Ms. James by hand, are clearly dated "6/16/2021." ECF No. 13 at 709, 760.  However, they differ greatly in their assessments.  While the earlier document, ECF No. 13 at 706-709, assesses Plaintiff as Plaintiff indicates, the latter document, ECF No. 757-760, expressly states that Plaintiff would *not* need to have her legs elevated at all, would *not* need walk breaks, and indicates that Ms. James was "unable to assess" any sitting, standing, or lifting limitations.  There is nothing in the record that would appear to resolve these discrepancies, and Plaintiff has further offered no reasonable explanation for the inconsistency.   Given the importance of consistency in the ALJ's evaluation, this inconsistency, which was clearly referenced by the ALJ, was adequate reason to discount Ms. James' findings.

Much of Plaintiff's briefing focuses on an alleged lack of supportability analysis in the ALJ's decision, arguing that Ms. James' opinion at Exhibit 14F, ECF No. 13 at 704-709, can be supported by the record.  But she fails to mention that the opinion at Exhibit 14F is clearly unsupported by her other opinion at Exhibit 16F, ECF No. 13 at 757-760, seemingly delivered on the same date.  Although it is true that the ALJ did not use the word "supportability" in the analysis, "courts have held that the ALJ need not use any

7

"magic words" in considering the two factors." *Alvarez v. Comm'r of Soc. Sec.*, No. 20-24711-BLOOM/OTAZO-REYES, 2022 WL 2092886, at *2 (S.D. Fla. June 10, 2022) (citations omitted).

In short, the undersigned finds the ALJ adequately discharged her duty regarding Ms. James' opinion. *See Frye v. Comm'r of Soc. Sec.*, No: 6:21-cv-741-DCI, 2022 WL 1045719, at *5 (M.D. Fla. Apr. 7, 2022) ("The ALJ may not have used the word 'supportability,' but he discussed the record with respect to the inconsistency of the opinions within the physician's own records, and the Court finds that to be adequate."). As there is substantial evidence to support the ALJ's findings and the correct legal standards were applied, Plaintiff's Motion should be denied.

**RECOMMENDATION**

For the reasons set forth above, the undersigned hereby RECOMMENDS that Plaintiff's Motion for Summary Judgment, ECF No. 16, be DENIED, and that Defendant's Motion for Summary Judgment, ECF No. 18, be GRANTED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 31st day of January 2024.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All Counsel of Record